IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KIEL THOMAS WEBB, JON WEBB, and JAN KIEL, Plaintiffs, | * * * * | |
| v. | * * | DOCKET NO. _____ |
| TENNESSEE SECONDARY SCHOOL ATHLETIC ASSOCIATION, THE HAMILTON COUNTY DEPARTMENT OF EDUCATION, Jointly and severally, and BERNARD CHILDRESS, Jointly and individually. Defendants. | * * * * * * | JURY DEMANDED |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983, DISCRIMINATION UNDER §504 OF THE REHABILITATION ACT OF 1973 29 U.S.C. §701 et seq., DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT 42 U.S.C. §12101 et seq., VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS, VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS

1. This a Complaint for, among other things, violation of 42 U.S.C. §1983, discrimination under 29 U.S.C. §704 et seq., discrimination under 42 U.S. C. §12101 et seq., violation of procedural due process rights under the Fourteenth Amendment to the United States Constitution, and negligent infliction of emotional distress.

2. Plaintiff Jon Webb (hereinafter referred to as "Jo. Webb") is an adult resident and citizen of Hamilton County, Tennessee.

3. Plaintiff Jan Kiel (hereinafter referred to as "Ja. Kiel") is an adult resident and citizen of Hamilton County, Tennessee.

4. Plaintiff Kiel Thomas Webb (hereinafter referred to as "K.T.") is a resident and citizen of Hamilton County, Tennessee.

5. Defendant Hamilton County Department of Education (hereinafter referred to as "HCDE") is a municipal corporation existing under the laws of the State of Tennessee with its principal office located in Hamilton County, Tennessee.

6. Defendant Tennessee Secondary School Athletic Association (hereinafter referred to as "TSSAA") is an interscholastic association authorized and existing under the laws of the State of Tennessee regulating interscholastic athletic competition including, specifically all categories of disabled individuals with its principal office located in Davidson County, Tennessee.

7. Defendant Bernard Childress ("Childress") is the Director of TSSAA and is charged with carrying out TSSAA By-laws and Constitution rules and regulations. These rules and regulations discriminate against disabled individuals as set forth in this Complaint.

## I.  JURISDICTION & VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343. This action also arises under the Fourteenth Amendment to the United States Constitution, and under Federal laws, 42 U.S.C. §1983, 29 U.S.C. §704 et seq., 42 U.S.C. §12101 et seq., and appropriate statutory authority as found in the United States Code.

9. Venue is proper in this Court under 28 U.S.C. §1391(b).

## II.  FACTS

### A. BACKGROUND

10. Signal Mountain Middle High School ("SMHS") is a participating member of the Third Athletic District of the Tennessee Secondary School Athletic Association ("TSSAA"). The TSSAA's stated goal is to serve its members by providing leadership and coordination for the administration of interscholastic athletics, which will enhance the educational experiences of students. The TSSAA promotes participation and sportsmanship to develop good citizens through interscholastic athletics, which provides equitable opportunities, positive recognition and learning experiences to students while maximizing the achievement of educational goals.

11. HCDE receives Federal funding through various Federal programs including, but not limited to, athletic support for athletic programs set forth in the HCDE school year budget, facility support, and academic support such as no child left behind.

12. K.T. is a senior attending SMHS in Hamilton County, Tennessee. K.T. participates in the interscholastic sport of Varsity Boys Basketball approved by SMHS and sanctioned by TSSAA and its member organizations including, but not limited to, SMHS.

13. K.T. is an individual with a disability. K.T. is otherwise qualified to participate in interscholastic athletics. The TSSAA is a public entity as defined by the A.D.A. and Tennessee law.

14. The TSSAA and HCDE discriminated against K.T. when it denied him the opportunity to participate in interscholastic athletics under the eight-semester rule but allowed non-disabled athletes to participate. At all times relevant to the allegations set forth herein Childress directed, oversaw, and otherwise was responsible for TSSAA's conduct in denying K.T. a reasonable accommodation.

15. Under Federal and Tennessee law, disabled students are entitled to statutory and constitutional protections. 29 U.S.C. §794; and 42 U.S.C. §12132.

B.  K.T.

16. HCDE maintains an exceptional education department for all schools.

17. The Exceptional Education Department identifies, prepares educational plans, and implements educational plans for students with disabilities so that these disabled students can receive a free appropriate public education as well as access to services, activities and accommodations.

18. TSSAA is a public entity assuming the role of government as an educational institution while administering its bylaws, constitution, rules, and regulations of its member schools.

19. K.T. is a student diagnosed with a disability. K.T. has a 504 Plan which directs how his educational opportunity and access to programs, activities, and services

should be delivered. K.T. also is a participant in Varsity Boys Basketball Program at SMHS.

20. Under K.T.'s 504 Plan, as an accommodation, HCDE is to "allow time for [K.T.] to process information". ***See Exhibit A attached hereto.***

21. In the Spring of 2016, shortly after K.T.'s arrival the family met with SMHS to discuss K.T.'s annual 504 Plan inclusions. K.T. had been diagnosed with a disability. SMHS recognized some accommodation was necessary. K.T. desired to improve his academic standing by raising his grades. The 504 Plan Team was in favor of K.T.'s desire. At that meeting, and with no pause to consider information provided to him or to obtain necessary information, K.T. made a life altering decision which brings him before this Honorable Court. K.T. decided to repeat his Sophomore year.

22. However, no SMHS participant in K.T.'s 504 Plan meeting provided K.T. with information that he would be ineligible to compete in Boys Basketball his last two (2) semesters at SMHS.

23. Further, at no point in time, did SMHS allow K.T. time to process any information regarding his decision. Consequently, not only did K.T. not have full and complete information, but also, he did not have the right information necessary from which to decide whether to repeat his sophomore year.

24. On information and belief, HCDE and TSSAA provide non-disabled student athletes with complete and accurate information with respect to their athletic eligibility status. Both HCDE and TSSAA failed to do so for K.T. This failure is discriminatory as first, it treats non-disabled athletes more favorably than disabled athletes with respect to eight (8) semester eligibility rule waiver issues.

25. On information and belief, non-disabled student athletes in HCDE who suffer from injury such as broken leg, broken arm, separated shoulder, and the like have been afforded eligibility waivers while K.T. was not. There is, fundamentally, no significant

difference between a physical injury which receives an eligibility waiver and a disability which does not.

26. Second the foregoing described conduct discriminates because the failure to provide K.T. with full, complete, and accurate information consistent with his 504 Plan reasonable accommodation requirement denied K.T. a free and appropriate public education. Further, Part of K.T.'s educational experience and evaluation conclusions encourage participation in extra-curricular activities. K.T's parents asked for this inclusion in his 504 Plan when the family moved, but HCDE refused to include it in K.T.'s plan. It has been placed in the minutes sections of my 504 Plan. K.T.'s evaluations encourage my access to athletics because it helps him focus and otherwise drops the wariness.

27. The failure to provide K.T. with accurate and complete information (or full disclosure) as well as the failure to provide K.T. with time to process his decision to repeat his Sophomore year also denied K.T. as a disabled individual, access to services, accommodations, and activities consistent with §504 of the Rehabilitation Act of 1990 codified at 29 U.S.C. §704; and the Americans with Disabilities Act codified at 42 U.S.C. §12101 et seq.

28. Third, TSSAA considers disabilities throughout its regulations and bylaws. In fact, the TSSAA has devoted an entire section to disabled athletes – purposely separating them as unified participants. As unified participants, disabled athletes are excluded from participating in school athletic programs. They are similarly excluded from other access to services.

29. TSSAA stopped short of using its discussion, analysis, and inquiry in determining eligibility rules for disabled athletes participating among its member institutions.

30. TSSAA can reasonably accommodate K.T. There is no administrative burden associated with this eligibility waiver. In fact, there is a process for eligibility waiver of which K.T. availed himself. TSSAA 'took no action' on K.T.'s request – meaning the request

was neither rejected, nor accepted. This refusal to simply make a decision flies in the face of the reasonable accommodation which TSSAA could have afforded K.T.

31. Finally, failing to provide eligibility waivers disparately impacts disabled students.

## COUNT 1

## DEFENDANTS VIOLATE PLAINTIFFS PRIVILEGE OF EQUAL PROTECTION UNDER 42 U.S.C. §1983

32. The Defendants acted under color of law to deny K.T. equal protection of the laws, and to discriminate on the basis of disability in violation of 42 U.S.C. §1983 and 42 U.S.C. §12132.

33. The Defendants apply the eight (8) semester rule in such a way that manner that it disparately impacts disabled students.

34. The Defendants fail to accommodate for disabilities in their application of the eight (8) semester rule.

35. As set forth herein, HCDE and TSSAA sanctioned the different rules applied to the male athletes and Plaintiffs. See also Affidavits of K.T. and Steve Redman.

36. TSSAA sanctioned the discrimination by taking no action on K.T.'s request for waiver (and reasonable accommodation). Under all applicable laws, disabled individuals and non-disabled individuals are to be treated equally.

37. K.T. as a disabled student athlete was treated differently from non-disabled athletes in the HCDE system when making the same request under the same rule.

38. The TSSAA and HCDE sanction this disparate treatment.

39. By taking no action (in effect refusing to grant a reasonable accommodation), Defendants discriminate in the application of rules, and the provision of reasonable accommodation and as a result, treat disabled athletes differently from non-disabled.

40. As a result of Defendants' discriminatory conduct including, but not limited to, the Defendants' discriminatory application of the eight (8) semester rule as applied to disabled students, K.T. has sustained damage.

41. WHEREFORE, Plaintiffs respectfully requests this Court enter judgment in favor of Plaintiffs in the form of injunctive relief as requested by enjoining or restraining TSSAA and HCDE from prohibiting K.T. from participating with the SMHS Basketball Program as set forth in their Motion for Preliminary Injunction or Alternatively Restraining Order in addition to costs, attorneys fees' pursuant to 42 U.S.C. §1988 and all other relief to which Plaintiffs may be entitled.

## COUNT 2
### DEFENDANTS VIOLATE PLAINTIFFS' FOURTEENTH AMENDMENT PRIVILEGES

42. Under the Fourteenth Amendment, Defendants may not deprive Plaintiffs of life, liberty, or property, without due process of law.

43. An example of a property interest is Plaintiffs' participation in public education and extra-curricular opportunities offered through public education.

44. K.T., as set forth in his 504 Plan, had a right to accurate and complete information through full disclosure. Additionally, K.T. had the right to consider that information in any decisions he made regarding his educational future. K.T. was deprived of those procedural rights.

45. Unlike K.T., non-disabled students have been afforded full and complete disclosure of accurate information regarding the eight (8) semester rule by HCDE.

46. HCDE's failure to provide accurate and complete information regarding the eight (8) semester rule, circumvented the procedural protections afforded to K.T.

47. TSSAA and HCDE did not provide the procedural protections set forth in K.T.'s 504 Plan and in K.T.'s Fourteenth Amendment right to due process. K.T. has suffered damage as a result since TSSAA and HCDE prohibit him from participating with the SMHS Boys Basketball Program.

48. WHEREFORE, Plaintiffs respectfully requests this Court enter judgment in favor of Plaintiffs in the form of injunctive relief as requested by enjoining or restraining TSSAA and HCDE from prohibiting K.T. from participating with the SMHS Basketball Program as set forth in their Motion for Preliminary Injunction or Alternatively Restraining Order in addition to costs, attorneys fees' pursuant to 42 U.S.C. §1988 and all other relief to which Plaintiffs may be entitled.

## COUNT 3

## DEFENDANTS SHOULD BE PRELIMINARILY ENJOINED OR ALTERNATIVELY TEMPORARILY RESTRAINED FROM CONTINUING TO VIOLATE PLAINTIFFS' RIGHTS

49. Federal Rules of Civil Procedure, Rule 7 and Rule 65(a) provide for the issuance of an Order preliminarily enjoining or, alternatively, pursuant to Federal Rules of Civil Procedure, Rule 65(b), an Order temporarily restraining preliminary injunction which prohibits Defendants, and anyone else who may act in concert with them, from all concerted action which causes the minor child K.T. to be:

(i) prohibited or excluded from participating in interscholastic competition with the Signal Mountain High School Varsity Basketball Program during the 2018 – 2019 Athletic Year;

(ii) prohibited or excluded from participating in interscholastic competition with the Signal Mountain High School Varsity Basketball Program during the 2018 – 2019 Athletic Year without reasonable accommodation;

(iii) prohibited or excluded from participating in interscholastic competition with the Signal Mountain High School Varsity Basketball Program and Team during the 2018 – 2019 Athletic Year without equal protection under the Fourteenth Amendments of the Constitution of the United States, The Tennessee Constitution, and 42 U.S.C. §1983;

(iv) prohibited or excluded from participating in interscholastic competition with the Signal Mountain High School Varsity Basketball Program during the 2018 – 2019

Athletic Year without equal protection under the Americans with Disabilities Act (42 U.S.C. §12182(a); §12132); and Section 504 of the Rehabilitation Act (29 U.S.C. §794(a));

(v) subjected to any action in addition to the foregoing which fails to restrain TSSAA from taking any action which would cause HCDE (Signal Mountain High School) to be penalized for K.T.'s participation in interscholastic competition including, but not limited to, requiring any games in which K. T. participates be forfeited.

50. As a result of Defendants' conduct of unequal and disparate treatment of disabled student-athletes from that of their non-disabled student-athlete counter-parts, Plaintiffs sustained damage.

51. WHEREFORE, Plaintiffs respectfully requests this Court enter an Order preliminarily enjoining Defendants form the conduct described herein in this Count of the Complaint, or alternatively, enter an Order temporarily restraining Defendants from the conduct described herein in this Count of the Complaint and, after a full hearing on the merits of this matter, enter judgment in favor of Plaintiffs and against Defendants including, but not limited to, costs, attorneys fees' and all other relief to which Plaintiffs may be entitled.

## COUNT 4
## DEFENDANTS FAILED TO AFFORD K.T. REASONABLE ACCOMMODATION PURSUANT TO 42 U.S.C. §12101 et seq. AND 29 U.S.C. §704 et seq.

52. Defendants, by refusing to grant a waiver of the eight (8) semester rule have violated the Americans with Disabilities Act (42 U.S.C. §12132) and §504 of the Rehabilitation act of 1973 (29 U.S.C. §794) by failing to afford a reasonable accommodation to K.T. who is a disabled individual, otherwise qualified, and despite the ready availability of a reasonable accommodation.

53. Further, HCDE failed to provide to K.T. complete, accurate, and full disclosure of his rights to information which afford him the ability to make sound decisions for his education. Additionally, HCDE failed to even follow K.T.'s 504 Plan requirements

and afford K.T. appropriate time to process the decision he was making (despite having no information about the eight (8) semester rule, its impact on his decision to repeat his sophomore year, and why participating in basketball as an extracurricular was important to his educational achievement). These failures violate K.T.'s §504 disability rights. 28 C.F.R. §35.104.

54. On information and belief, non-disabled student athletes have been afforded information, full disclosure, time to make a decision, and accommodation.

55. By failing to afford K.T. appropriate statutory and constitutional safeguards as set forth in his own 504 Plan, and subsequently, by refusing to take action on his request for reasonable accommodation in the form of the waiver of the eight (8) semester rule, Defendants treated K.T. differently from his non-disabled student athlete peers.

56. As a result of Defendants' conduct of unequal and disparate treatment of disabled student-athletes from that of their non-disabled student-athlete counter-parts, Plaintiffs sustained damage.

57. WHEREFORE, Plaintiffs respectfully requests this Court enter an Order preliminarily enjoining Defendants form the conduct described herein in this Count of the Complaint, or alternatively, enter an Order temporarily restraining Defendants from the conduct described herein in this Count of the Complaint and, after a full hearing on the merits of this matter, enter judgment in favor of Plaintiffs and against Defendants including, but not limited to, costs, attorneys fees' and all other relief to which Plaintiffs may be entitled.

WHEREFORE, Plaintiffs demand judgment as follows:

1. For all amounts identified herein in this Complaint and owed to Plaintiffs, together with pre-judgment interest thereon;

2. For injunctive relief as requested herein and in Plaintiffs' Motion for Injunction or alternatively, Restraining Order;

3. For such compensatory and punitive damages in an amount to be proven at trial.

4. For attorneys' fees and costs pursuant to applicable Tennessee law and any other applicable Tennessee authority;

5. For attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

6. For such other further and general relief to which Plaintiffs may be entitled.

PLAINTIFFS DEMAND A JURY TO TRY ALL ISSUES.

RESPECTFULLY SUBMITTED,

BOWE & ASSOCIATES, PLLC

By: */s/ Curtis L. Bowe, III*
Curtis Bowe, III (BPR 017037)
*Attorney for Plaintiffs*
707 Georgia Avenue, Suite 301
Chattanooga, Tennessee 37402
423.475.6070/423.475.6072

# VERIFICATION

STATE OF TENNESSEE  )
                    )
COUNTY OF HAMILTON  )

    KIEL THOMAS WEBB, being first duly sworn, makes an oath that the statements made in his foregoing Petition are true as of his own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Petition and that he is justly entitled to the relief herein sought.

_____
KIEL THOMAS WEBB

WITNESS my hand this the __21st__ day of __September__, 2018.

_____
NOTARY PUBLIC
My Commission Expires: 5-25-20

## VERIFICATION

STATE OF TENNESSEE       )
                         )
COUNTY OF HAMILTON       )

JON WEBB, being first duly sworn, makes an oath that the statements made in his foregoing Petition are true as of his own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Petition and that he is justly entitled to the relief herein sought.

_____
JON WEBB

WITNESS my hand this the __21st__ day of __September__, 2018.



_____
NOTARY PUBLIC
My Commission Expires: 5-25-20

# VERIFICATION

STATE OF TENNESSEE       )
                         )
COUNTY OF HAMILTON       )

    JAN KIEL, being first duly sworn, makes an oath that the statements made in her foregoing Petition are true as of her own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Petition and that she is justly entitled to the relief herein sought.

_____
JAN KIEL

WITNESS my hand this the 21st day of September, 2018.



_Melissa Mullins_
NOTARY PUBLIC
My Commission Expires: 5-25-20